Andrea M. Kimball, State Bar No. 196485
Eric L. Lane, State Bar No. 249205
Ben West, State Bar No. 251018
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311
E-Mail:   akimball@luce.com
          elane@luce.com
          bwest@luce.com

Attorneys for Defendants Your Store Online, LLC,
Chris Reoch, Paul Reoch, TV Market, LLC, and
TV Marketplace, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ALLSTAR MARKETING GROUP, LLC, a New York limited liability company, and FELKNOR VENTURES, LLC, a Tennessee limited liability company,<br><br>          Plaintiffs,<br><br>v.<br><br>YOUR STORE ONLINE, LLC, a Wisconsin limited liability company, CHRIS REOCH, an individual, and PAUL REOCH, an individual, TV MARKET, LLC, a Wisconsin limited liability company, and TV MARKETPLACE, LLC, a Wisconsin limited liability company,<br><br>          Defendants. | Case No. CV 09-2094 MMM (AGRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE**<br><br>Judge:        Hon. Margaret M. Morrow<br>Courtroom:  780<br><br>Complaint Served:  3/31/09<br>First Amended Complaint Filed: 5/15/2009<br>Motion Hearing:   7/27/09 at 10:00 a.m. |

# **TABLE OF CONTENTS**

**Page**

I.   Introduction ...........................................................................................1

    A.   Plaintiffs Cannot Establish Personal Jurisdiction Over Individual Defendants.........................................................................1

    B.   Plaintiffs Should Not Have Filed This Action In The Central District.....................................................................................1

II.   Factual Background.................................................................................2

    A.   Factual Background Relating To Jurisdiction ....................................2

    B.   Factual Background Relating To Venue..............................................3

III.   This Court Lacks Jurisdiction Over Individual Defendants.............................3

    A.   Plaintiffs Bear the Burden of Proof on a Motion to Dismiss for Lack of Personal Jurisdiction .................................5

    B.   The Court Cannot Exercise General Jurisdiction Over Individual Defendants.........................................................................6

    C.   The Court Cannot Exercise Specific Jurisdiction Over Individual Defendants.........................................................................7

        1.   Individual Defendants Have Not Purposefully Availed Themselves of the Privilege of Conducting Activities in California .................................................7

        2.   The Claims Do Not "Arise Out of or Result From" Defendants' Forum-Related Activities..........................................8

        3.   Exercising Jurisdiction Over Individual Defendants Would Be Unreasonable and Would Offend Traditional Notions of Fair Play and Substantial Justice ...............................9

IV.   Venue Is Not Proper In The Central District .........................................11

    A.   The Court Should Grant the Motion to Dismiss or Transfer Venue to the Eastern District of Wisconsin .........................11

        1.   This Court has Broad Discretion to Dismiss or Transfer Venue .................................................11

        2.   Defendants' Only Offices and All its Officers, Employees, Witnesses, Records, Files and Computers are Located in Wisconsin..........................................12

        3.   Defendants Do Not Reside in this Judicial District...................13

i

4.      The Interests of Justice and Administration Heavily
       Favor Venue in the Eastern District of Wisconsin. ....................14

V.      Conclusion ........................................................................................15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

A. J. Industries v. United States District Court,
  503 F.2d 384 (9th Cir. 1974)..................................................................................... 12

Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert,
  94 F.3d 586 (9th Cir. 1996) ........................................................................................ 4

Bancroft & Masters, Inc. v. Augusta National Inc.,
  223 F.3d 1082 (9th Cir. 2000)..................................................................................... 5

Burger King Corp. v. Rudzewicz,
  471 U.S. 462 (1985) ..................................................................................................... 9

Core-Vent Corp. v. Nobel Indus. AB,
  11 F.3d 1482 (9th Cir. 1993)................................................................................... 4, 9

Cubbage v. Merchant,
  744 F.2d 665 (9th Cir. 1984), cert. denied, 470 U.S. 1005 (1985) ......................... 4

Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,
  557 F.2d 1280 (9th Cir. 1977)................................................................... 4, 5, 6, 7, 8

Denver & Rio Grande Western Ry. Co. v. Brotherhood of Railroad Trainmen,
  387 U.S. 556 (1967) ................................................................................................... 12

Doe v. Unocal Corp.,
  248 F.3d 915 (9th Cir. 2001).................................................................................. 4, 5

E & J Gallo Winery v. F. & P.S.p.A.,
  899 F.Supp. 465 (E.D. Cal. 1994) ........................................................................... 11

Florens Container v. Cho Yang Shipping,
  245 F.Supp.2d 1086 (N.D. Cal. 2002) .................................................................... 11

Forsythe v. Overmyer,
  576 F.2d 779 (9th Cir. 1978), cert. denied, 439 U.S. 864 (1979) ........................... 8

Fort Knox Music Inc. v. Baptiste,
  257 F.3d 108 (2d Cir. 2001)...................................................................................... 11

Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.,
  328 F.3d 1122 (9th Cir. 2003)..................................................................................... 6

Int'l Shoe Co. v. Washington,
  326 U.S. 310 (1945) .............................................................................................. 4, 10

Kasey v. Molybdenum Corp.,
  408 F.2d 16 (9th Cir. 1969)....................................................................................... 11

Macon Grocery Co. v. Atlantic Coastline Railroad,
    215 U.S. 501 (1910) ......................................................................... 13

Ochoa v. J.B. Martin & Sons Farms, Inc.,
    287 F.3d 1182 (9th Cir. 2002) ...................................................... 3, 5

Perkins v. Benguet Consol. Mining Co.,
    342 U.S. 437 (1952) ........................................................................... 6

Sparling v. Hoffman Construction Co.,
    864 F.2d 635 (9th Cir. 1979) ......................................................... 11

Taylor v. Portland Paramount Corp.,
    383 F.2d 634 (9th Cir. 1967) ....................................................... 6, 8

Terracom v. Valley Nat. Bank,
    49 F.3d 555 (9th Cir. 1995) ....................................................... 4, 10

Threlkeld v. Tucker,
    496 F.2d 1101 (9th Cir. 1974) ...................................................... 11

World-Wide Volkswagen Corp. v. Woodson,
    444 U.S. 286 (1980) ..................................................................... 4, 8


**STATUTES**

28 U.S.C. § 1331 ................................................................................. 13

28 U.S.C. § 1391(b) ............................................................................ 13

28 U.S.C. § 1391(c) ............................................................................ 13

28 U.S.C. § 1404 ................................................................................ 12

28 U.S.C. § 1404(a) ...................................................................... 11, 14

28 U.S.C. § 1406(a) ........................................................................ 1, 11

Cal. Code Civ. Proc. § 410.10 ............................................................. 4


**RULES & REGULATIONS**

Fed. R. Civ. P. 4(k)(1)(A) .................................................................... 4

Fed. R. Civ. P. 12(b)(2) ................................................................... 1, 5

Fed. R. Civ. P. 12(b)(3) ....................................................................... 1

Fed. R. Civ. P. 12(b)(6) ....................................................................... 1

1  Individual Defendants Paul and Chris Reoch ("Individual Defendants") request
2  that the Court dismiss the First Amended Complaint of Allstar Marketing Group, LLC
3  and Felknor Ventures, LLC ("Plaintiffs") pursuant to Rule 12(b)(6) and Rule 12(b)(2)
4  of the Federal Rules of Civil Procedure on the grounds that this Court lacks personal
5  jurisdiction over the Individual Defendants.   In addition, Defendants Your Store
6  Online, LLC, Chris Reoch, Paul Reoch, TV Market, LLC and TV Marketplace, LLC
7  ("Defendants") request that the Court dismiss the First Amended Complaint pursuant to
8  Rule 12(b)(3) on the ground that venue in this District is not proper.  In the alternative,
9  Defendants request that the Court order venue transferred to the United States District
10 Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. Section 1406(a).

11 **I.   Introduction**

12 **A.   Plaintiffs Cannot Establish Personal Jurisdiction Over Individual Defendants**
13

14 Plaintiffs' allegations fail to establish personal jurisdiction over Individual
15 Defendants.  Individual Defendants Paul and Chris Reoch have no contacts with and
16 transact no business in the State of California.  Accordingly, this Court should grant
17 Individual Defendants' motion to dismiss the First Amended Complaint on the ground
18 that the Court lacks personal jurisdiction over them.

19 **B.   Plaintiffs Should Not Have Filed This Action In The Central District**

20 This action should never have been filed in the Central District of California.  It
21 is merely Plaintiffs' choice, not their right, to have this case venued in their preferred
22 district.  Under the circumstances here, the Central District is not a proper venue.  In
23 addition to the lack of personal jurisdiction over the Individual Defendants, the proper
24 venue, if any, is the Eastern District of Wisconsin.

25 As stated in the Declarations of Paul and Chris Reoch, not only do these
26 individuals reside in Wisconsin, but each of the corporate defendants, Your Store
27 Online, LLC, TV Market, LLC and TV Marketplace, LLC (collectively "Corporate
28 Defendants"), is likewise a Wisconsin company.  For each of the Corporate Defendants

Case No. CV 09-2094 MMM (AGRx)

there is simply no connection to California.  The Corporate Defendants' only offices, and all of its employees, witnesses, records and equipment are located in the Waukesha, Wisconsin area.  As such, the Court should grant Defendants' motion for improper venue.

The only connection to this District even alleged by Plaintiff is that Defendant Your Store Online, LLC does business on the Internet and "advertises its products and solicits business from California residents."  (First Amended Compl. ¶ 5).  This is not even a consideration for a venue analysis.  As to all the other defendants, including the individuals, the First Amended Complaint is silent as to why venue is proper in the Central District.  (First Amended Compl. ¶¶ 6-9).  Worst of all, the First Amended Complaint appears to name Chris Reoch on the basis that he is listed "as the administrative contact for the website" according to the lookup database "whois." (First Amended Compl. ¶ 6).  These self-serving allegations - that the defendants "do business" in this district - are not sufficient to justify venue in the Central District.

This venue will be unreasonably burdensome, difficult and expensive for all of the defendants - each of whom resides in Wisconsin.  As such, each of the Defendants requests that the Court grant its Motion and dismiss the First Amended Complaint or, in the alternative, transfer the action to the Eastern District of Wisconsin.

As venue and personal jurisdiction are independent requirements, a court cannot proceed if either requirement is not met, and the Court should not proceed here, where neither requirement is met.

## II.   **Factual Background**

### A.   **Factual Background Relating To Jurisdiction**

Paul and Chris Reoch were born and raised in the State of Wisconsin and have lived only in the State of Wisconsin.  (C. Reoch Decl. at ¶ 4).  They are managing members of Your Store Online, LLC ("YSO"), an internet retail business.  (Id. at ¶ 2). Though they travel to California occasionally, they do not do so in their personal capacities, but in connection with the YSO business.  (Id. at ¶ 6).  Individually, Paul

and Chris Reoch have no contacts with and transact no business in the State of California.  (<u>Id.</u> at ¶ 5). They do not own, and never have owned, property in California.  Neither has ever had a bank account nor paid taxes in California.  (<u>Id.</u> at ¶ 5).  Individual Defendants have never used the California court system as litigants, and before this action, had never been sued in California.  (<u>Id.</u> at ¶ 7).

In short, Individual Defendants do not have sufficient minimum contacts with the State of California, and it would be manifestly unjust and a violation of their Due Process rights to require them to defend an action in this State.  Accordingly, there is no basis for this Court to exercise personal jurisdiction over Individual Defendants Paul and Chris Reoch.

**B.     Factual Background Relating To Venue**

It is undisputed that the Individual Defendants, Chris and Paul Reoch, both reside in Waukesha, Wisconsin.  (P. Reoch Decl. at ¶ 3).  They operate the entities sued in this case - Your Store Online, LLC, TV Market, LLC, and TV Marketplace, LLC.  Each of these Corporate Defendants is a Wisconsin company.  The three Corporate Defendants are small, privately-held companies that operate exclusively from their only office in Wisconsin.  (<u>Id.</u> at ¶ 1).  Two of those entities (TV Market and TV Marketplace) are no longer active.  (<u>Id.</u> at ¶ 1).

The only active corporate entity, Your Store Online, sells popular products over the Internet, many of which are identified as having been "seen on TV."  (P. Reoch Decl. at ¶ 2).  Your Store Online is accessible to anyone with Internet access, as is the case with countless other web-based businesses.  Your Store Online is a very small company, with only two employees.  (<u>Id.</u> at ¶ 3).  All of the employees, records, computers and everything else related to Your Store Online are located in Waukesha, Wisconsin.

### III.   <u>This Court Lacks Jurisdiction Over Individual Defendants</u>

Plaintiff bears the burden of establishing personal jurisdiction over defendants.  <u>See, e.g.</u>, <u>Ochoa v. J.B. Martin & Sons Farms, Inc.</u>, 287 F.3d 1182, 1187 (9th Cir.

2002); Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Cubbage v. Merchant, 744 F.2d 665, 667 (9th Cir. 1984), cert. denied, 470 U.S. 1005 (1985).  The starting point for an analysis of personal jurisdiction in a federal case is the "long arm" statute in the state where the case is pending.  See Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1286 (9th Cir. 1977); Fed. R. Civ. P. 4(k)(1)(A).  In a case such as this, where the defendants do not reside in California, the court looks to California's long-arm statute to determine whether jurisdiction is proper. See Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir. 2001).  Under California's "long arm" statute, California courts may exercise jurisdiction over nonresident defendants only to the extent permitted under the Due Process clause of the U.S. Constitution.  See Cal. Code Civ. Proc. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States"); see also Terracom v. Valley Nat. Bank, 49 F.3d 555, 559 (9th Cir. 1995); Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1484 (9th Cir. 1993); Data Disc, 557 F.2d at 1286. When a federal court interprets the extent of a state's long-arm statute, "federal law is controlling on the issue of due process under the United States Constitution. [Federal courts] are not bound by state cases, although they may be considered persuasive authority."  Data Disc, 557 F.2d at 1286 n.3 (citations omitted).

Constitutional due process allows California courts to assert personal jurisdiction over a nonresident defendant only if that defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Data Disc, 557 F.2d at 1287 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted) (citations omitted)).  The concept of minimum contacts "protects the defendant against the burdens of litigating in a distant or inconvenient forum" and "acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980).

1       Personal jurisdiction may arise as either general jurisdiction over the defendant

2 for all purposes or as specific jurisdiction over a specific cause or causes of action

3 involving a defendant.  See Data Disc, 557 F.2d at 1287.  A court may exercise general

4 jurisdiction over a defendant whose contacts with the forum state are "'substantial or

5 'continuous and systematic'" and "approximate physical presence" within the state.

6 Bancroft & Masters, Inc. v. Augusta National Inc., 223 F.3d 1082, 1086 (9th Cir.

7 2000).  To determine if the defendant's contacts meet this standard, courts consider

8 "whether the defendant makes sales, solicits or engages in business in the states, serves

9 the state's markets, designates an agent for service of process, holds a license, or is

10 incorporated there."  Id. (citation omitted).

11      If there is no general jurisdiction, the court may exercise specific jurisdiction

12 over the defendant if the following three conditions are met:  "(1) the defendant has

13 performed some act or consummated some transaction within the forum or otherwise

14 purposefully availed himself of the privilege of conducting activities in the forum,

15 (2) the claim arises out of or results from the defendant's forum-related activities, and

16 (3) the exercise of personal jurisdiction is reasonable."  Id. (citation omitted); see also

17 Ochoa, 287 F.3d at 1188 (citations omitted); Unocal, 248 F.3d at 923 (citation omitted).

### A.    Plaintiffs Bear the Burden of Proof on a Motion to Dismiss for Lack of Personal Jurisdiction

20      A defendant may bring a motion to dismiss, challenging the court's exercise of

21 jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2).  Although the defendant is the

22 moving party, the plaintiff bears the burden of proving that the court has jurisdiction

23 over Individual Defendants.  See Data Disc, 557 F.2d at 1285 ("[i]t is clear that the

24 party seeking to invoke the jurisdiction of the federal court has the burden of

25 establishing that jurisdiction exists") (citation omitted).  When a court receives only

26 written materials regarding the existence of personal jurisdiction, the plaintiff must

27 make a prima facie showing of jurisdictional facts through those submitted written

28 materials to avoid the defendant's motion to dismiss.  Id.  Even if a plaintiff does make

1   this showing, however, "it does not necessarily mean that he may then go to trial on the

2   merits." Id.  A court "may not assume the truth of allegations in a pleading which are

3   contradicted by affidavit." Id. at 1284 (citing Taylor v. Portland Paramount Corp., 383

4   F.2d 634, 639 (9th Cir. 1967)).

5          Here, Plaintiffs make a blanket statement that all of the named Defendants "have

6   extensive contacts with and regularly transact business in this District."  Plaintiffs gloss

7   over any distinctions among the Company Defendants – Your Store Online, LLC, TV

8   Market, LLC and TV Marketplace, LLC – and Individual Defendants Paul and Chris

9   Reoch.  (First Amended Complaint at ¶ 12).  Plaintiffs have the burden of proving that

10  this Court has jurisdiction over each named defendant.  Harris Rutsky & Co. Ins.

11  Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1130 (9th Cir. 2003).  Plaintiffs

12  have not met that burden with respect to Individual Defendants Paul and Chris Reoch.

13     **B.     The Court Cannot Exercise General Jurisdiction Over Individual**
            **Defendants**

14

15         General jurisdiction exists only "[i]f the nonresident defendant's activities within

16  a state are 'substantial or 'continuous and systematic[.]'" Data Disc, 557 F.2d at 1287

17  (quoting Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445 (1952)) (citations

18  omitted).  Plaintiffs have identified no contacts between Individual Defendants and

19  California, let alone any that can be characterized as "continuous and systematic."

20         To the contrary, Paul and Chris Reoch are Wisconsin residents who have lived in

21  Wisconsin all their lives.  (C. Reoch Decl. at ¶ 4).  They have never lived in California

22  and any travel to California has been in their capacity as managing members of their

23  internet retail business, Your Store Online, LLC, and in the past, TV Market, LLC and

24  TV Marketplace, LLC.[1]  (Id. at ¶ 6).  Other than occasional business trips in connection

25  with YSO and in the capacity of managing members of YSO, Paul and Chris Reoch

26  have no contacts with and transact no business in California.  (Id. at ¶¶ 5 and 6).  They

27  ─────────────────
    [1]   As mentioned above, the company defendants – Your Store Online, LLC, TV
28  Market, LLC and TV Marketplace, LLC – do not contest personal jurisdiction.

do not own, and never have owned, property in California.  (<u>Id.</u> at ¶ 6).  They have never had any bank account nor paid taxes in California.  (<u>Id.</u>).  Paul and Chris Reoch have never used the California court system as litigants, and prior to this action, had never been sued in California.  (<u>Id.</u> at ¶ 7).  Because there are virtually no contacts, much less substantial, continuous and systematic contacts between Individual Defendants and California, Paul and Chris Reoch are not subject to general jurisdiction in California.

### C.    The Court Cannot Exercise Specific Jurisdiction Over Individual Defendants

A non-resident defendant may be subject to specific jurisdiction in California only if:  (1) the non-resident defendant "do[es] some act or consummate[s] some transaction with the forum or perform[s] some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;" (2) the claim "arises out of or results from the defendant's forum-related activities;" and (3) the [e]xercise of jurisdiction [is] reasonable."  <u>Data Disc</u>, 557 F.2d at 1287 (citations omitted).  Further, when a plaintiff asserts multiple claims in the complaint, the plaintiff must show that the court has personal jurisdiction over the defendant with respect to each claim.  <u>Id.</u> at 1289 n.8 (citation omitted).

### 1.    Individual Defendants Have Not Purposefully Availed Themselves of the Privilege of Conducting Activities in California

Plaintiffs have made no allegations to substantiate their claim that this Court has personal jurisdiction over Individual Defendants Paul and Chris Reoch.  To the contrary, Plaintiffs can submit no evidence to substantiate their unsupported allegations in the First Amended Complaint that this Court has personal jurisdiction.

As discussed above, in their personal capacities, Individual Defendants Paul and Chris Reoch have had virtually no contact with California.  Therefore, they could not have performed an act in California out of which the claims in this action arose.  Thus,

1   Paul and Chris Reoch did not "do [any] act or consummate [any] transaction with
2   [California," nor did they "perform [any] act by which [they] purposefully avail[ed]
3   [themselves] of the privilege of conducting activities in [California], thereby invoking
4   the benefits and protections of its laws." See id. at 1287.

**2.     The Claims Do Not "Arise Out of or Result From" Defendants' Forum-Related Activities**

7   Plaintiffs must show that this Court has personal jurisdiction over Individual
8   Defendants with respect to each asserted cause of action. See Data Disc, 557 F.2d at
9   1289 n.8 (citation omitted).    Plaintiffs' bare allegations in the First Amended
10  Complaint, unsupported by any evidence and directly contradicted by the declarations
11  submitted in support of this motion, cannot be the basis for asserting jurisdiction over
12  Individual Defendants Paul and Chris Reoch. See id. at 1284 (a court "may not assume
13  the truth of the allegations in a pleading which are contradicted by affidavit") (citing
14  Taylor, 383 F.2d at 639).  There is no evidence that Paul or Chris Reoch have had any
15  forum-related activities; no evidence therefore exists that Plaintiffs' claims arose out of
16  Individual Defendants' alleged forum-related activities.  To the extent Mssrs. Reoch
17  traveled to California, it was in their capacity as managing members of YSO, which is a
18  named defendant in this action and is not contesting jurisdiction.  Thus, those business
19  travels on behalf of YSO do not constitute a basis for asserting personal jurisdiction
20  over Paul and Chris Reoch as individuals. Forsythe v. Overmyer, 576 F.2d 779, 783-84
21  (9th Cir. 1978), cert. denied, 439 U.S. 864 (1979) ("[A] corporate officer who has
22  contact with a forum state only with regard to the performance of his official duties is
23  not subject to personal jurisdiction in that forum.").   Accordingly, Individual
24  Defendants cannot be seen as having "reasonably anticipate[d] being haled into court"
25  in California based upon these alleged actions. World-Wide Volkswagen, 444 U.S. at
26  297 (citations omitted).
27  / / /
28  / / /

8                                    Case No. CV 09-2094 MMM (AGRx)

3.      **Exercising Jurisdiction Over Individual Defendants Would Be Unreasonable and Would Offend Traditional Notions of Fair Play and Substantial Justice**

The U.S. Supreme Court has confirmed that "jurisdictional rules may not be employed in such a way as to make litigation so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985) (internal quotations omitted) (citations omitted).  Thus, even if the defendant has "purposefully engaged in forum activities," the exercise of jurisdiction over that defendant may be unreasonable in light of "minimum requirements inherent in the concept of 'fair play and substantial justice.'"  Id. at 477-78 (citations omitted).  Courts balance seven factors in considering whether the exercise of jurisdiction over a nonresident defendant comports with "fair play and substantial justice":

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Core-Vent, 11 F.3d at 1487-88 (citation omitted).

With respect to the first factor, as explained above, Individual Defendants Paul and Chris Reoch have no "purposeful interjection" into California's affairs.  Individual Defendants' occasional business trips to California in their capacity as managing members of their company do not constitute "purposeful interjection" into the state's affairs by Mssrs. Reoch as individuals.  This factor therefore weighs against the exercise of California jurisdiction over Individual Defendants.

The second factor weighs against California's exercise of jurisdiction over Individual Defendants because of the burden it would place on Paul and Chris Reoch to have to defend an action in California.  In addition to the expense of hiring local counsel in California to defend them, Individual Defendants would also be required to

1    incur the significant costs of traveling across the country – potentially multiple times –

2    to defend this action.  Although Plaintiffs do not reside in California, the heavy burden

3    on defendants is a significant factor in the analysis of "fair play and substantial justice,"

4    as "the law of personal jurisdiction is asymmetrical and is primarily concerned with the

5    defendant's burden."  <u>Terracom</u>, 49 F.3d at 561 (citation omitted).  Thus, even though

6    the burden of defending an action in California may be equal to that on Plaintiffs of

7    prosecuting the action here, this factor would weigh in favor of Individual Defendants.

8    <u>Id.</u>

9           With respect to the related third and fourth factors, while California does have an

10   interest in adjudicating disputes that allegedly affect its citizens, this dispute concerns

11   events that allegedly occurred elsewhere, if at all.

12          In weighing the fifth factor, efficiency of judicial resolution, courts consider

13   where the witnesses and the evidence are likely to be located.  <u>Id.</u>  In this case, the

14   majority of the witnesses and evidence will be located in Wisconsin.  (C. Reoch Decl.

15   at ¶¶ 3 and 8).  Accordingly, this factor weighs against California jurisdiction.

16          Finally, the sixth and seventh factors of convenience and effectiveness of relief

17   for Plaintiffs and the existence of an alternative forum also weigh against California

18   jurisdiction.  Here, any relief would be effectuated in Wisconsin, where Individual

19   Defendants reside and where their business is located, and there exists the alternative

20   forum of the Eastern District of Wisconsin.

21          Thus, on balance, the above seven factors weigh significantly against California

22   exercising jurisdiction over Individual Defendants Paul and Chris Reoch, and it would

23   therefore "offend traditional notions of fair play and substantial justice" for this Court

24   to exercise jurisdiction over Individual Defendants.  <u>See</u> <u>Int'l Shoe</u>, 326 U.S. at 316

25   (internal quotations omitted) (citations omitted).

26   / / /

27   / / /

28   / / /

10                                          Case No. CV 09-2094 MMM (AGRx)

1

**IV.   <u>Venue Is Not Proper In The Central District</u>**

2

    **A.   The Court Should Grant the Motion to Dismiss or Transfer Venue to the Eastern District of Wisconsin**

3

4

       **1.   This Court has Broad Discretion to Dismiss or Transfer Venue**

5

      28 U.S.C. Section 1406(a) allows a district court that finds a case filed in the

6

wrong division or district to "dismiss, or if it be in the interest of justice, transfer such

7

case to any district or division in which it could have been brought."  Furthermore, "for

8

the convenience of parties and witnesses, in the interest of justice, a district court may

9

transfer any civil action to any other district or division where it might have been

10

brought."  28 U.S.C. §1404(a).  These provisions give this Court broad discretion to

11

either outright dismiss or to transfer a case to another district where venue is proper.

12

<u>See</u> <u>Sparling v. Hoffman Construction Co.</u>, 864 F.2d 635, 639 (9th Cir. 1979); <u>E & J</u>

13

<u>Gallo Winery v. F. & P.S.p.A.</u>, 899 F.Supp. 465, 466 (E.D. Cal. 1994).

14

      Here, plaintiffs have selected a venue that is incredibly burdensome for two

15

individuals hailing from Wisconsin.  Despite knowing that Chris and Paul Reoch live in

16

Wisconsin, Plaintiffs sued in a district with which they have zero contact.[2]

17

      In deciding a motion to transfer venue, this Court should weigh multiple factors,

18

including (1) the convenience of the parties; (2) the convenience of witnesses; and

19

(3) the interests of justice.  <u>Florens Container v. Cho Yang Shipping</u>, 245 F.Supp.2d

20

1086, 1088 (N.D. Cal. 2002), <u>citing</u> <u>Kasey v. Molybdenum Corp.</u>, 408 F.2d 16, 20 (9th

21

Cir. 1969).  These factors heavily favor granting Defendants' motion for a dismissal or

22

transfer to a proper venue.

23

/ / /

24

25

[2]   The fact that this Court lacks personal jurisdiction over Paul and Chris Reoch does not prevent transfer for lack of venue.  <u>Fort Knox Music Inc. v. Baptiste</u>, 257 F.3d 108,

26

111 (2d Cir. 2001) (holding the district court has the power to transfer venue even if it lacks personal jurisdiction over defendants).   In addition, venue and personal

27

jurisdiction are independent requirements; unless the defect is waived the Court cannot proceed in the absence of either.  <u>Threlkeld v. Tucker</u>, 496 F.2d 1101, 1103-1104 (9th

28

Cir. 1974).

Case No. CV 09-2094 MMM (AGRx)

**2.      Defendants' Only Offices and All its Officers, Employees, Witnesses, Records, Files and Computers are Located in Wisconsin**

As described in detail in the Declarations of Chris and Paul Reoch, Defendants' only offices and everything associated with the Corporate Defendants are located in Waukesha, Wisconsin, within the Eastern District of Wisconsin.  The convenience of witnesses is often the most critical factor in determining whether a transfer pursuant to Section 1404 is appropriate.   See Denver & Rio Grande Western Ry. Co. v. Brotherhood of Railroad Trainmen, 387 U.S. 556, 560 (1967) (stating "venue is primarily a matter of convenience of litigants and witnesses"); accord A. J. Industries v. United States District Court, 503 F.2d 384, 386-387 (9th Cir. 1974).

Here, all of the Defendants reside in Wisconsin.  (P. Reoch Decl. at ¶¶ 1 and 4). The Plaintiffs admit that they are residents of New York (Allstar Marketing), and Tennessee (Felknor Ventures, LLC), respectively.  (First Amended Compl. ¶¶ 3 and 4). Aside from individuals associated with the warehouse in Long Beach where a portion of goods are stored, Defendants are aware of no potential third party witnesses that reside in this District. (P. Reoch Decl. at ¶ 8).  The physical evidence (computers, sales records, customer lists etc.) is likewise located in Wisconsin.  (Id. at ¶ 3).  There is simply no connection to California sufficient to justify forcing Defendants from Wisconsin to defend themselves in California, a state six states and many miles away from their home.  Even the lead counsel for Plaintiffs is a New York attorney.

This action should have been filed, if at all, in the Eastern District of Wisconsin. Plaintiffs have no right to venue in the Central District of California.  It is incredibly unfair and burdensome on all the Wisconsin Defendants to litigate in Southern California.  Travel from Wisconsin to California is onerous and expensive.  (P. Reoch Decl. at ¶ 9).  It also goes without saying that litigating in this District is much more expensive than in Wisconsin.  In sum, everyone and everything associated with the Defendants is located in Wisconsin.  Neither Plaintiffs nor Defendants have any meaningful connection with California.  This District is not the proper venue.

### 3.    Defendants Do Not Reside in this Judicial District

Jurisdiction in this case is founded upon federal question, and 28 U.S.C. § 1391(b) therefore governs venue questions.  This section states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) *a judicial district where any defendant resides*, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Here, Plaintiffs have alleged jurisdiction on the basis of federal question, citing 28 U.S.C. Sections 1331 (federal question) and 1338 (original jurisdiction for patent and trademark cases).  (First Amended Compl. ¶ 10.)[3]   A corporate defendant is deemed to reside in each district where it is subject to personal jurisdiction.  28 U.S.C. § 1391(c).

Here, Defendants Your Store Online, LLC, TV Market, LLC and TV Marketplace, LLC neither reside in this District nor are they subject to personal jurisdiction in California.  Only one entity is still conducting business at all, and it is registered, residing and doing business exclusively from Wisconsin.  (P. Reoch Decl. at ¶ 1).  No other Defendant in this case "resides" in the Central District of California or is subject to personal jurisdiction here.  Plaintiffs have made no showing that any of the Defendants (either Corporate or Individual) conduct business in this District sufficient to create personal jurisdiction.  Plaintiffs cite nothing supporting their claim that Defendants "regularly ship" to this District.  (First Amended Compl. at ¶ 5).

///

---

[3]   Actually, plaintiffs first cite federal question jurisdiction and then invoke diversity jurisdiction as well.  (See First Amended Compl. ¶¶ 10 and 11).  However, where a complaint cites both diversity and federal question jurisdiction, venue is governed by the rules in federal question cases.  28 U.S.C. Section 1391(b); Macon Grocery Co. v. Atlantic Coastline Railroad, 215 U.S. 501, 507-508 (1910).

1  Furthermore, it is gravely unfair to haul two individuals from Wisconsin into a

2  California Court when these two gentlemen have no contacts here.

3          **4.**      **The Interests of Justice and Administration Heavily Favor**

                **Venue in the Eastern District of Wisconsin.**

4

5        The "interests of justice" and "the convenience of parties and witnesses" heavily

6  favor venue in the Eastern District of Wisconsin. <u>See</u> 28 U.S.C. § 1404(a). It would be

7  extremely inconvenient and onerous for any Defendant to appear at hearings or the trial

8  of this matter. The distance from Waukesha, Wisconsin to the Central District

9  courthouse is approximately 2,050 miles. Not only would it be inconvenient and

10  expensive for any defense witness to travel to Los Angeles for hearings and trial (and

11  pay airfare, meals, hotel rooms, etc.), it would also be expensive for Your Store Online

12  to have its officers on the other side of the country for days at a time. That would be

13  very disruptive to this small business. (P. Reoch Decl. at ¶ 9).

14        Despite any basis for doing so, Plaintiffs have named Paul and Chris Reoch

15  personally in this action. (<u>See</u> First Amended Compl. ¶¶ 6 and 7.) Forcing them to

16  travel over 2,000 miles is not only expensive but could be disastrous to their small

17  business. If this case were venued in the Eastern District of Wisconsin, it would be

18  much more convenient (and less financially draining) for the defendants, witnesses and

19  employees of YSO. (P. Reoch Decl. at ¶¶ 9-10). Given the location of each of the

20  Defendants, it would be extremely difficult and expensive for all of them to defend this

21  lawsuit in the Central District. (<u>Id.</u>). Because all of the Defendants are located in

22  Wisconsin, it would be much more convenient for them and their employees to attend

23  trial and produce records in the Eastern District of Wisconsin. (<u>Id.</u>). The Central

24  District of California is neither the appropriate forum nor even a remotely convenient

25  forum for this case.

26        Defendants believe the only connection to California is that Defendants use a

27  warehouse in the Los Angeles area as part of their transport route for goods imported

28  from China. (P. Reoch Decl. at ¶ 8). However, that is not enough to alter the

convenience conclusion in view of the location of the witnesses and physical evidence in this case.  (Id. at ¶ 3).  Further, Allstar Marketing and Felknor Ventures appear to be much bigger companies than Defendants and therefore better able to absorb the cost of litigation in a foreign state.  In fact, of the Corporate Defendants, only one of the three companies is still conducting business.

Litigation in Wisconsin will be no more costly for the Plaintiffs.  In fact, Plaintiffs are already paying the rates of a New York law firm.  Thus, it would not incur any more (and maybe less) in litigation costs if this case is moved to Wisconsin.  Defendants, on the other hand, will be greatly prejudiced if forced to defend a case 2,000+ miles from their home with new, California attorneys.  In sum, Plaintiffs will not be prejudiced by either a dismissal for lack of venue or a transfer to the Eastern District of Wisconsin.

Accordingly, the Court should grant Defendants' motion for improper venue.

## V.   Conclusion

None of the allegations in the First Amended Complaint touches on the issue of personal jurisdiction over Paul and Chris Reoch as individuals nor can the allegations be supported by any concrete evidence.  By contrast, these allegations as to the Individual Defendants are directly contradicted by the declarations submitted in support of this motion.  Individual Defendants did not "purposefully avail [themselves] of the privilege of conducting activities in California" or "purposeful[ly] interject" themselves into California's affairs, and therefore they cannot be seen as having "reasonably anticipate[d] being haled into court" in California.  Similarly, Plaintiffs' claims did not arise out of any forum-related contacts by Paul and Chris Reoch.  Finally, it would pose a significant and unreasonable burden on Individual Defendants to have to defend an action in California, and exercise of California jurisdiction over them would offend traditional notions of fair play and substantial justice.

/ / /

/ / /

Case No. CV 09-2094 MMM (AGRx)

1    Accordingly, Individual Defendants respectfully request that the Court grant this

2  motion and dismiss the First Amended Complaint against Paul and Chris Reoch for

3  lack of personal jurisdiction.

4    Individual Defendants Paul and Chris Reoch reside in Wisconsin, and each of the

5  Corporate Defendants is a Wisconsin company.  For all Defendants there simply is no

6  connection to California.  The Corporate Defendants' only offices, and all of its

7  employees, witnesses, records and equipment are located in the Waukesha, Wisconsin

8  area.  As such, Defendants respectfully request that the Court grant this motion for

9  improper venue.

10  DATED:  June 15, 2009          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

11

12                              By:  /s/ Eric L. Lane
                                    Andrea M. Kimball
13                                   Eric L. Lane
                                    Ben West
14                                   Attorneys for Defendants
                                    Your Store Online, LLC, Chris Reoch,
15                                   Paul Reoch, TV Market, LLC, and
                                    TV Marketplace, LLC
16

17  101168700.1

18

19

20

21

22

23

24

25

26

27

28