1

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| 14  ALLSTAR MARKETING GROUP, LLC, a New York limited liability company, and FELKNOR VENTURES, LLC, a Tennessee limited liability company | **CASE NO.  CV09-02094 MMM (AGRx)** *[Assigned for all purposes to the Honorable Margaret M. Morrow]* |

ALLSTAR MARKETING GROUP,
LLC, a New York limited liability
company, and FELKNOR VENTURES,
LLC, a Tennessee limited liability
company

                Plaintiffs,

vs.

YOUR STORE ONLINE, LLC, a
Wisconsin limited liability company,
CHRIS REOCH, an individual, and
PAUL REOCH, an individual, TV
MARKET, LLC, a Wisconsin limited
liability company, and TV
MARKETPLACE, LLC, a Wisconsin
limited liability company,

                Defendants.

**CASE NO.  CV09-02094 MMM (AGRx)**
*[Assigned for all purposes to the Honorable Margaret M. Morrow]*

Complaint Filed:     03/26/09

**ORDER
TO STIPULATED PROTECTIVE
ORDER**

/ / /

/ / /

/ / /

/ / /

/ / /

1.   **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under this Order to treatment as confidential.

2.   **DEFINITIONS**

2.1   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter by a party or non-party.

2.3   <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4   <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:  extremely sensitive "Confidential Information or Items" whose disclosure to

another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8     Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   House Counsel:  attorneys who are employees of a Party.

2.11   Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party's counsel, whether or not such person is paid directly by a Party or its counsel, to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes professional graphics, jury, or trial consultants retained in connection with this litigation.  This definition also includes Experts' employees, subcontractors and assistants.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or

demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties, non-parties or counsel to or in court or in other settings that might reveal Protected Material.

4.   **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   **DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (apart from transcripts of depositions), that the Producing Party affix the legend

- 4 -                                                    **CV-09-2094 MMM (AGRx)**

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material. In the case of written discovery responses and the information contained therein, the responses may be designated as containing "CONFIDENTIAL" or "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" information by means of a statement at the conclusion of each response that contains such information specifying the level of designation of the Confidential Information and by placing a legend of the front page of such discovery responses stating: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS CONFIDENTIAL – OUTSIDE COUNSEL ONLY INFORMATION".

(b)    for testimony given in deposition, that the Party or non-party offering or sponsoring the testimony identify all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." A Party or non-party that sponsors, offers, or gives the testimony shall have the right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are

1  appropriately designated for protection within the 30 days shall be covered by the

2  provisions of this Stipulated Protective Order.

3            Transcript pages containing Protected Material must be separately

4  bound by the court reporter, who must affix to the top of each such page the legend

5  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

6  instructed by the Party or non-party offering or sponsoring the witness or presenting

7  the testimony.

8            (c)      for information produced in some form other than

9  documentary, and for any other tangible items, that the Producing Party affix in a

10  prominent place on the exterior of the container or containers in which the

11  information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL

12  – ATTORNEYS' EYES ONLY."  If only portions of the information or item

13  warrant protection, the Producing Party, to the extent practicable, shall identify the

14  protected portions, specifying whether they qualify as "Confidential" or as

15  "Confidential – Attorneys' Eyes Only."

16            5.3     Inadvertent Failures to Designate.  An inadvertent failure to

17  designate qualified information or items as "Confidential" or "Confidential –

18  Attorneys' Eyes Only" does not waive the Designating Party's right to secure

19  protection under this Order for such material.  If material is appropriately

20  designated as "Confidential" or "Confidential – Attorneys' Eyes Only" after the

21  material was initially produced, the Receiving Party, on timely notification of the

22  designation, must make reasonable efforts to assure that the material is treated in

23  accordance with the provisions of this Order.  If, prior to receiving such notice, the

24  receiving party has disseminated the Protected Material to individuals not

25  authorized to receive it hereunder, the receiving party shall make a reasonable effort

26  to retrieve the Protected Material or to otherwise assure that the recipient(s)

27  properly mark the Protected Material and maintain the confidentiality of the

28

Protected Material, but shall have no other responsibility or obligation with respect to the information disseminated.

## 6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rules 7 and 37 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the

confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees and agents of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order"

1    (Exhibit A);

2

3

4            (c)    Experts (as defined in this Order) of the Receiving Party

5    to whom disclosure is reasonably necessary for this litigation and who have signed

6    the "Agreement to Be Bound by Protective Order" (Exhibit A);

7            (d)    the Court and its personnel;

8            (e)    court reporters, their staffs, and professional vendors to

9    whom disclosure is reasonably necessary for this litigation;

10           (f)    during their depositions, witnesses in the action to whom

11   disclosure is reasonably necessary and who have signed the "Agreement to Be

12   Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony

13   or exhibits to depositions that reveal Protected Material must be separately bound

14   by the court reporter and may not be disclosed to anyone except as permitted under

15   this Stipulated Protective Order;

16           (g)    the author of the document or the original source of the

17   information;

18           (h)    mock jurors and focus group participants, provided they

19   are not permitted to retain any materials shown or provided to them, and provided

20

21   that they agree in writing to keep such information confidential, though they will

22   not be required to sign Exhibit A; and

23           (i)    Professional Vendors.

24       7.3    Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES

25   ONLY" Information or Items.  Unless otherwise ordered by the court or permitted

26   in writing by the Designating Party, "CONFIDENTIAL – ATTORNEYS' EYES

27   ONLY" may be disclosed only to:

28           (a)    the Receiving Party's Outside Counsel of record in this

action, as well as employees and agents of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)    Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (c)    the Court and its personnel;

        (d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

        (e)    the author of the document or the original source of the information;

        (f)    mock jurors and focus group participants, provided they are not permitted to retain any materials shown or provided to them, and provided that they agree in writing to keep such information confidential, though they will not be required to sign Exhibit A; and

        (g)    Professional Vendors.

8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by e-mail) immediately, and in no event more than three days, after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In

addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with applicable Civil and Local Rules.

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party,

within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that indicates that all the Protected Material was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, e-mail, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  No Party waives any right to seek a level of protection, confidentiality, or treatment different than that described in this Protective Order for information produced in this action.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13. Outside counsel desiring to disclose Protected Material to persons as otherwise permitted in this Protective Order, shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, and such counsel shall retain in his/her files the original of each such signed undertaking. Nothing in this Protective Order shall be construed to require a party to disclose the existence or identity of any consultants, trial-related service providers, mock juries, focus groups, or any attorney work product.

14. The restrictions on the use of Protected Material established by this Protective Order are applicable only to the use of information received by a party from another party or from a non-party. A party is free to use its own information as it pleases. Further, this Order shall not limit or restrict a Receiving Party's use of information that the Receiving Party can show: (i) was lawfully in the receiving party's possession prior to such information being designated as Protected Material in this litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (ii) was obtained without any benefit or use of Protected Material from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iii) was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's Protected Material; or (iv) has been published to the general public.

15. Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege. A Producing Party may notify the receiving party in writing that produced documents or information are subject to attorney-client privilege, work product immunity or any other applicable privilege. All such documents or information, including all copies thereof, shall be returned to

the Producing Party within five (5) business days.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.  The Producing Party shall provide a privilege log identifying such documents or information.  The Receiving Party may move the Court for an Order compelling production of any such documents or information.  The motion shall be filed under seal and shall not assert as a ground for production the fact of the inadvertent production, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.  All of the protections against waiver of privileged or attorney work product information provided in Federal Rule of Evidence 502(a) through (g) are incorporated into this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


PURSUANT TO STIPULATION, IT IS SO ORDERED:


DATED: January 12, 2010

_____
Hon. Alicia G. Rosenberg
United States District Court Judge


Submitted By:

ROPERS, MAJESKI, KOHN & BENTLEY PC

By /s/ Brian C. Vanderhoof
        JAMES C. POTEPAN
        THOMAS M. O'LEARY
        BRIAN C. VANDERHOOF
        Ropers, Majeski, Kohn & Bentley PC
        515 South Flower Street, Suite 1100
        Los Angeles, California 90071
        Phone: (213) 312-2000 / Fax: (213) 312-2001

Attorneys for Defendants
YOUR STORE ONLINE, LLC, a Wisconsin limited liability company;
CHRIS REOCH,   an individual; PAUL REOCH, an individual,
TV MARKET, LLC, a Wisconsin limited Liability company; and TV
MARKETPLACE, LLC, A Wisconsin limited liability company

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ in the case of *Allstar Marketing Group, Inc., et. al v. Your Store

On Line, Inc.*, Case No. CV09-02094-MMM (AGRx).  I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

Date: _____

**CV-09-2094 MMM (AGRx)**

City and State where sworn and signed: _____

Printed name: _____
                              [printed name]

Signature: _____
                              [signature]